UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARRY PADILLA, on behalf of himself, individually, and on behalf of all others similarly-situated, | **COMPLAINT** |
| Plaintiff, | Docket No.:  19-cv-9660 |
| -against- | Jury Trial Demanded |
| URBAN GARDEN CENTER, INC., and DIMITRI GATANAS, individually, | |
| Defendants. | |

HARRY PADILLA, ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as that term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against URBAN GARDEN CENTER, INC. ("Urban") and DIMITRI GATANAS, individually, ("Gatanas," and collectively with Urban, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1.     This is a civil action for damages and equitable relief based upon Defendants' violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a), (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the minimum wage provisions of the NYLL and the NYCRR, NYLL § 652, 12 NYCRR § 142-2.1; (iv) the NYLL's requirement that employers furnish employees with wage statements

1

containing specific categories of accurate information on each payday, NYLL § 195(3); (v) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information at hire, NYLL § 195(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - a corporation that operates a landscaping company and garden center in Manhattan and its Chief Executive Officer who operates and supervises the business and its employees on a day-to-day basis - - as a landscaper from in or around May 2016 until on or around June 10, 2019.  As described below, from the beginning of his employment until May 21, 2019, at which time Plaintiff was injured and unable to work ("the relevant period"), Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL or the minimum hourly rate due under the NYLL.  Specifically, throughout the relevant period, Defendants required Plaintiff to work over forty hours per week at Defendants' various job sites, but failed to compensate him at the statutorily required overtime rate of at least one and one-half times the minimum wage rate, or one and one-half times his regular rate of pay when greater, for any hours that he worked each week in excess of forty.  Instead, Defendants paid Plaintiff at his straight-time rate of pay for all hours worked each week - - which often fell below the minimum rate that the NYLL requires for each hour worked - - including those that he worked in excess of forty in a week.

3.      Additionally, Defendants violated the NYLL by failing to provide Plaintiff with accurate wage statements on each payday or with any wage notice at the time of his hire.

4.      Defendants have paid and treated all of their landscapers in the same manner.

5.    Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA.  Plaintiff brings all claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, that opts-into this action.

## JURISDICTION AND VENUE

6.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.*  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York Law.

7.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

8.    At all times during the relevant period, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

9.    At all relevant times herein, Defendant Urban was and is a New York corporation, with its principal place of business located at 1640 Park Avenue, New York, New York 10035.

10.    At all relevant times herein, Defendant Gatanas was and is the Chief Executive Officer of Urban, who in that role controlled the terms and conditions of employment for all of Urban's employees in that he hired and fired all employees, supervised and directed all employees' work, determined the rate and method of wage payments to all employees, and was responsible

for maintaining employment records.  To that end, Gatanas hired and fired Plaintiff, set his pay and schedule, and directed the course of Plaintiff's work.

11.    At all relevant times herein, both Defendants were and are "employers" within the meaning of the FLSA and the NYLL.  Additionally, during all times relevant to the FLSA, Urban's qualifying annual business exceeded and exceeds $500,000.00, and Urban was and is engaged in interstate commerce within the meaning of the FLSA, as it employed and still employs two or more employees, orders products, such as fertilizer, soil, and hydroponic supplies, which move across state lines, and accepts payment by credit card based on cardholder agreements with out-of-state companies, the combination of which subjects Defendant Urban to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

12.    Plaintiff brings this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees, who during the applicable FLSA limitations period, worked for Defendants as landscapers or in a similar position and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

13.    Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid at the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

14.     At all times relevant herein, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

15.     Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

16.     Defendant Urban is a corporation that operates as a garden center and landscaping business located in Manhattan.

17.     Defendant Gatanas was and is Urban's CEO who in that role, manages and oversees the landscaping and garden center operations, including with respect to all of its employees, on a daily basis.

18.     In or around May 2016, Plaintiff commenced his employment with Defendants as a landscaper, a position that he continuously held until June 10, 2019.

19.     Plaintiff's primary duties as a landscaper included, *inter alia*, planting, lawn mowing, weed whacking, and maintenance work at various job sites located throughout Manhattan, the Bronx, and Brooklyn.

20.     Throughout the relevant period, Defendants required Plaintiff to work, and he did work, five weekdays per week, as well as one Saturday per month.  On Mondays, Tuesdays, and Wednesdays, Defendants required Plaintiff to work, and he did work, from 8:30 a.m. to 6:00 p.m. On Thursdays, Defendants required Plaintiff to work, and he did work, from 6:30 a.m. to 5:30 p.m. On Fridays, Defendants required Plaintiff to work, and he did work, from 8:30 a.m. to 5:30 p.m.

On Saturdays, when scheduled, Defendants required Plaintiff to work, and he did work, from 8:00 a.m. to between 3:30 and 4:00 p.m.  Plaintiff received a thirty-minute uninterrupted lunch break each day, which would be extended to forty-five minutes approximately once a week.  Accordingly, Plaintiff worked between forty-five hours and forty-five minutes and fifty-three hours and fifteen minutes per week.

21.     In exchange for his work, throughout the relevant period, Defendants paid Plaintiff $12.00 per hour for all hours that he worked in a given week, including those that he worked in excess of forty.  Defendants employed at least eleven employees throughout this time.

22.     By way of example only, during the week of May 5 through 11, 2019, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule:

Sunday, May 5, 2019: off,

Monday, May 6, 2019: 8:30 a.m. until 6:00 p.m.;

Tuesday, May 7, 2019: 8:30 a.m. until 6:00 p.m.;

Wednesday, May 8, 2019: 8:30 a.m. until 6:00 p.m.;

Thursday, May 9, 2019: 6:30 a.m. until 5:30 p.m.;

Friday, May 10, 2019: 8:30 a.m. until 5:30 p.m.;

Saturday, May 11, 2019: 8:00 a.m. until 3:30 p.m.

Plaintiff received five thirty-minute and one forty-five minute lunch breaks this week, and thus worked for a total of fifty-two hours and forty-five minutes.  In exchange for his work during this week, Defendants paid Plaintiff $12.00 per hour for all hours worked, including the twelve and three-quarter hours that he worked in excess of forty.

23.     Defendants paid Plaintiff in cash on a weekly basis.

24.     On each occasion when they paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, the amount of hours that Plaintiff worked per week or his overtime rate of pay for each hour that he worked in a week in excess of forty.

25.     Additionally, Defendants did not provide Plaintiff with any wage notice at the time of his hire, let alone one that accurately listed, *inter alia*, Plaintiff's rates of pay as designated by the employer.

26.     Defendants treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

27.     Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

28.     Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

29.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

30.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

31.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

32.     As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

33. Defendants willfully violated the FLSA.

34.     Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

35.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the NYLL and the NYCRR*

36.     Plaintiff and any FLSA Plaintiff that opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

37.     NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, when greater, for any hours worked exceeding forty in a workweek.

38.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff that opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

39.     As also described above, Plaintiff and any FLSA Plaintiff that opts-into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

40.     Plaintiff and any FLSA Plaintiff that opts-into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, when greater.

41.     Plaintiff and any FLSA Plaintiff that opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages Under the NYLL and the NYCRR*

42.     Plaintiff and any FLSA Plaintiff that opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43.     NYLL § 652 and 12 NYCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for all hours worked.

44.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff that opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

45.     As also described above, Defendants did not compensate Plaintiff and any FLSA Plaintiff that opts-into this action, at least at the minimum hourly rate required by the NYLL and the NYCRR for all hours worked.

46.     At the least, Plaintiff and any FLSA Plaintiff that opts-into this action, are entitled to the minimum rate of pay required by the NYLL and the NYCRR for all hours worked.

47.     Plaintiff and any FLSA Plaintiff that opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

48.    Plaintiff and any FLSA Plaintiff that opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49.    NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

50.    As described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff that opts-into this action, with wage statements on each payday, let alone ones that accurately contained all of the criteria required under the NYLL.

51.    Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff that opts-into this action, in the amount of $100.00 for each workweek after the violation occurred, up to a statutory cap of $2,500.00.

52.    On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff that opts-into this action, in the amount of $250.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Notice in Violation of the NYLL*

53.    Plaintiff and any FLSA Plaintiff that opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54.    NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

55.    As described above, Defendants failed to furnish Plaintiff and any FLSA Plaintiff that opts-into this action, with any wage notices at hire, let alone ones that accurately contained all of the criteria required under the NYLL.

56.    Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff that opts-into this action, in the amount of $50.00 for each workweek after the violation occurred, up to a statutory cap of $2,500.00.

57.    On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff that opts-into this action, in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00.

## DEMAND FOR A JURY TRIAL

58.    Pursuant to FRCP 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a.    A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State Laws;

b.    Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.    An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form in this litigation;

11

d.   Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.   All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f.   Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

g.   Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and any other costs, and an award of a service payment to Plaintiff;

h.   Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

i.   Pre-judgment and post-judgment interest, as provided by law; and

j.  Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds

necessary and proper.

Dated:  New York, New York
       October 18, 2019

                           Respectfully submitted,

                           BORRELLI & ASSOCIATES, P.L.L.C.
                           *Attorneys for Plaintiff*
                           655 Third Avenue, Suite 1821
                           New York, New York 10017
                           Tel. (212) 679-5000
                           Fax. (212) 679-5005

By:  _____
                           CAITLIN DUFFY (CD 8160)
                           ALEXANDER T. COLEMAN (AC 1717)
                           MICHAEL J. BORRELLI (MB 8533)