UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARRY PADILLA, on behalf of himself, individually, and on behalf of others similarly-situated,

                *Plaintiff*

-against-

URBAN GARDEN CENTER, INC. and DIMITRI GATANAS, individually,

                *Defendants*

Case No. 1:19-cv-9660

**ANSWER**

Defendants URBAN GARDEN CENTER, INC. ("UGC") and DIMITRI GATANAS, individually ("Gatanas") (collectively, "Defendants"), by and through their attorneys, Jones Law Firm, P.C., as and for their Answer to the Complaint filed by Plaintiff HARRY PADILLA, on behalf of himself, individually, and all others similarly situated, hereby respond as follows:

**NATURE OF CASE**

1. Paragraph 1 of the Complaint contains no factual allegations to admit or deny.

2. Admit Plaintiff worked for Urban Garden Center. Deny the alleged dates of employment. Deny Defendants willfully failed to pay Plaintiff overtime wages or the minimum hourly rate. Admit the remaining allegations in Paragraph 2.

3. Deny the allegations in Paragraph 3.

4. Deny the allegations in Paragraph 4.

5. Paragraph 5 Complaint contains no factual allegations to admit or deny, but to the extent a response is required, Defendants deny they are liable to Plaintiff and the FLSA Plaintiffs.

**JURISDICTION AND VENUE**

6. Admit the allegations in Paragraph 6.

7. Admit the allegations in Paragraph 7.

## PARTIES

8. Admit the allegations in Paragraph 8.

9. Admit the allegations in Paragraph 9.

10. Admit the allegations in Paragraph 10.

11. Admit Urban Garden Center was Plaintiff's employer but deny the same as to Gatanas. Admit the remaining allegations in Paragraph 11.

## COLLECTIVE ACTION ALLEGATIONS

12. Paragraph 12 Complaint contains no factual allegations to admit or deny, but to the extent a response is required, Defendants deny they are liable to Plaintiff and the FLSA Plaintiffs.

13. Deny the allegations in Paragraph 13.

14. Deny the allegations in Paragraph 14.

15. Deny the allegations in Paragraph 15.

## BACKGROUND FACTS

16. Admit the allegations in Paragraph 16.

17. Admit the allegations in Paragraph 17.

18. Admit Plaintiff was an employee of Urban Garden Center but deny the alleged dates of employment and continuous employment.

19. Admit the allegations in Paragraph 19.

20. Admit Plaintiff maintained a semi-regular weekly schedule with Urban Garden Center but deny the remaining allegations in Paragraph 20.

21. Admit Plaintiff was typically paid $12/hour. Deny the remaining allegations in Paragraph 21.

22. Deny the allegations in Paragraph 22.

23. Admit the allegations in Paragraph 23.

24. Deny the allegations in Paragraph 24.

25. Deny the allegations in Paragraph 25.

26. Deny the allegations in Paragraph 26.

27. Deny the allegations in Paragraph 27.

28. Admit the allegations in Paragraph 28.

## FIRST CLAIM FOR RELIEF

29. Paragraph 29 contains no factual allegations to admit or deny.

30. The allegations in Paragraph 30 constitute legal conclusions which require neither an admission nor denial.

31. The allegations in Paragraph 31 constitute legal conclusions which require neither an admission nor denial.

32. Deny the allegations in Paragraph 32.

33. Deny the allegations in Paragraph 33.

34. The allegations in Paragraph 34 constitute legal conclusions which require neither admission nor denial, but to the extent a response is required, Defendants deny they are liable to Plaintiff and the FLSA Plaintiffs.

35. The allegations in Paragraph 35 constitute legal conclusions which require neither admission nor denial, but to the extent a response is required, Defendants deny they are liable to

Plaintiff and the FLSA Plaintiffs.

## SECOND CLAIM FOR RELIEF

36. Paragraph 36 contains no factual allegations to admit or deny.

37. The allegations in Paragraph 37 constitute legal conclusions which require neither admission nor denial.

38. The allegations in Paragraph 38 constitute legal conclusions which require neither admission nor denial.

39. The allegations in Paragraph 39 constitute legal conclusions which require neither admission nor denial, but to the extent a response is required, Defendants deny they are liable to Plaintiff and the FLSA Plaintiffs.

40. The allegations in Paragraph 40 constitute legal conclusions which require neither admission nor denial, but to the extent a response is required, Defendants deny they are liable to Plaintiff and the FLSA Plaintiffs.

41. The allegations in Paragraph 41 constitute legal conclusions which require neither admission nor denial, but to the extent a response is required, Defendants deny they are liable to Plaintiff and the FLSA Plaintiffs.

## THIRD CLAIM FOR RELIEF

42. Paragraph 42 contains no factual allegations to admit or deny.

43. The allegations in Paragraph 43 constitute legal conclusions which require neither admission nor denial.

44. The allegations in Paragraph 44 constitute legal conclusions which require neither admission nor denial, but to the extent a response is required, Defendants deny they are liable to

Plaintiff and the FLSA Plaintiffs.

45. Defendants deny the allegations in Paragraph 45.

46. The allegations in Paragraph 46 constitute legal conclusions which require neither admission nor denial, but to the extent a response is required, Defendants deny they are liable to Plaintiff and the FLSA Plaintiffs.

47. The allegations in Paragraph 47 constitute legal conclusions which require neither admission nor denial, but to the extent a response is required, Defendants deny they are liable to Plaintiff and the FLSA Plaintiffs.

## FOURTH CLAIM FOR RELIEF

48. Paragraph 48 contains no factual allegations to admit or deny.

49. The allegations in Paragraph 49 constitute legal conclusions which require neither admission nor denial.

50. The allegations in Paragraph 50 constitute legal conclusions which require neither admission nor denial, but to the extent a response is required, Defendants deny they are liable to Plaintiff and the FLSA Plaintiffs.

51. The allegations in Paragraph 51 constitute legal conclusions which require neither admission nor denial, but to the extent a response is required, Defendants deny they are liable to Plaintiff and the FLSA Plaintiffs.

52. The allegations in Paragraph 52 constitute legal conclusions which require neither admission nor denial, but to the extent a response is required, Defendants deny they are liable to Plaintiff and the FLSA Plaintiffs.

## FIFTH CLAIM FOR RELIEF

53. Paragraph 53 contains no factual allegations to admit or deny.

54. The allegations in Paragraph 54 constitute legal conclusions which require neither admission nor denial.

55. Defendants deny the allegations in Paragraph 55.

56. The allegations in Paragraph 56 constitute legal conclusions which require neither admission nor denial, but to the extent a response is required, Defendants deny they are liable to Plaintiff and the FLSA Plaintiffs.

57. The allegations in Paragraph 57 constitute legal conclusions which require neither admission nor denial, but to the extent a response is required, Defendants deny they are liable to Plaintiff and the FLSA Plaintiffs.

## **DEMAND FOR A JURY TRIAL**

58. Paragraph 58 contains no factual allegations to admit or deny.

## **AFFIRMATIVE DEFENSES**

Defendants assert the following defenses, which may also apply to the claims of some or all of the purported FLSA Plaintiffs:

## **FIRST DEFENSE**

1. Gatanas is not a proper defendant in this action in that he was not Plaintiff's "employer" within the scope of the Fair Labor Standards Act or the New York State Labor Law.

## **SECOND DEFENSE**

2. Plaintiff's and FLSA Plaintiffs' claims are partially barred by the statute of limitations.

## **THIRD DEFENSE**

3. Defendants, at all times, acted in good faith to comply with the FLSA and the New York State Labor Law, and with reasonable grounds to believe that their actions did not violate the statutes cited in the Complaint.

**FOURTH DEFENSE**

4. Defendants, at all times, acted with a lack of willfulness or intent to violate the FLSA or any other statutes cited in the Complaint, and so, Plaintiff cannot establish a willful violation.

**FIFTH DEFENSE**

5. Plaintiff's claims are barred, in whole or in part, because actions taken in connection with Plaintiff's compensation were done in good faith, in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

**SIXTH DEFENSE**

6. Plaintiff's claims are barred to the extent that Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

**SEVENTH DEFENSE**

7. Gatanas is not and was not the "employer" of Plaintiff within the meaning of any applicable law during the alleged periods, and as such, all claims against him should be dismissed.

**EIGHTH DEFENSE**

8. Plaintiff's claims are barred in whole or in part to the extent the work performed falls within exceptions, exemptions, exclusions, offsets, or credits, including, but not limited to, those provided in Sections 7 and 13 of the FLSA, 29 U.S.C. § 207, and the laws and regulations of the State of

New York.

## NINTH DEFENSE

9. To the extent Plaintiff falsely reported his work hours and Defendants did not authorize same, Plaintiff is estopped from asserting claims against Defendants.

## TENTH DEFENSE

Even if Defendants have, in fact, failed to pay Plaintiff for any of the activities alleged, such activities do not constitute compensable work under the FLSA, and furthermore, such activities were not an integral and indispensable part of Plaintiff's principal activities of employment and are not compensable.

## ELEVENTH DEFENSE

10. Any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under the Fair Labor Standards Act and New York State Labor Law.

## TWELFTH DEFENSE

11. Neither liquidated damages nor attorneys' fees may be awarded under New York State Labor Law § 198 on a claim for spread of hours pay because spread of hours pay is neither a wage nor a wage supplement.

## RESERVATION OF RIGHTS

In addition to the foregoing, Defendants reserve the right to amend their Answer to raise any and all additional affirmative and other defenses that may become evident.

WHEREFORE, PREMISES CONSIDERED, Defendants request judgment against Plaintiff with respect to the claims asserted herein, dismissal of the Complaint in this action, and

entering judgment in favor of Defendants, together with costs and disbursements of the above-entitled action and any other relief this Court may deem just and proper.

Dated: December 30, 2019
     New York, New York

                                             Respectfully submitted,

                                             _____
                                             J.R. Skrabanek, Esq.
                                             jrs@joneslawfirm.com
                                             **SDNY Admission Pending & Swearing-In on February 18, 2020**

                                             _____
                                             John J. Thompson, Esq.
                                             john.t@joneslawnyc.com

                                             Jones Law Firm, P.C.
                                             42 W. 38th St., Suite 1002
                                             New York, NY 10018
                                             (212) 258-0685

                                             *Attorneys for Defendants Urban Garden Center, Inc. and Dimitri Gatanas*